JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained here in neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MORGAN MCGUCKIN

## DEFENDANTS

SA SPRING MEADOWS LIMITED LIABILITY COMPANY, 1800 WALNUT ST PARTNERS, LP, 1800 WALNUT ST EQUITIES, LLC, WILLIAM KOFRON.

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher R. Booth, Jr., Esq.    215-391-4790
Derek Smith Law Group, PLLC
1845 Walnut Street, Suite 1601
Philadelphia, Pennsylvania 19103

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question   *(U.S. Government Not a Party)*
- ❏ 2   U.S. Government Defendant
- ❏ 4   Diversity   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ❏ 2   Removed from State Court
- ❏ 3   Remanded from Appellate Court
- ❏ 4   Reinstated or Reopened
- ❏ 5   Transferred from Another District *(specify)*
- ❏ 6   Multidistrict Litigation - Transfer
- ❏ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978, and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")

Brief description of cause:
SEX DISCRIMINATION, SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT, WRONGFUL TERMINATION

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE    September 19, 2017

SIGNATURE OF ATTORNEY OF RECORD   *(signature)*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MORGAN MCGUCKIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SA SPRING MEADOWS LIMITED LIABILITY | : | |
| COMPANY, 1800 WALNUT ST PARTNERS, LP, | : | NO. |
| 1800 WALNUT ST EQUITIES, LLC, WILLIAM KOFRON. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　( x )

| | | |
|---|---|---|
| September 19, 2017 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-391-4790 | 215-893-5288 | christopher@dereksmithlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 411 East Montgomery Avenue, North Wales, PA 19454

Address of Defendant: 1800 Walnut Street, Lansdale, PA 19446

Place of Accident, Incident or Transaction: 1800 Walnut Street, Lansdale, PA 19446

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☒

Does this case involve multidistrict litigation possibilities?    Yes☐    No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

    Yes☐    No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

    Yes☐    No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

    Yes☐    No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

    Yes☐    No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____Christopher R. Booth, Jr., Esquire_____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: September 19, 2017    _____    59395

Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: September 19, 2017    _____    59395

Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
-------------------------------------------------------------------------------X
MORGAN MCGUCKIN,

Civil Action No.

Plaintiff,

-against-  **COMPLAINT**

SA SPRING MEADOWS LIMITED LIABILITY    Plaintiff Demands A
COMPANY, 1800 WALNUT ST PARTNERS, LP,  Trial by Jury
1800 WALNUT ST EQUITIES, LLC, and WILLIAM
KOFRON, *individually,*

Defendants.
-------------------------------------------------------------------------------X
Plaintiff, Morgan McGuckin, as and for her Complaint against Defendants, respectfully alleges

upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42

   U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of

   1991, Pub. L. No. 102-166 ("Title VII")), and the Pennsylvania Human Relations Act, as

   amended, 43 P.S. §§ 951, *et. seq.* ("PHRA"), and seeks damages to redress the injuries

   Plaintiff has suffered as a result of being sexually harassed, discriminated against on the

   basis of gender, and retaliated against by her employer for complaining of harassment

   and discrimination.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the court as this action involves a Federal

   Question under Title VII of the Civil Rights Act. The Court also has supplemental

   jurisdiction over the State Causes of Action.

1

3. Venue is proper in this district based upon Defendants' principal place of business within the Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the events took place in Montgomery County, in the Commonwealth of Pennsylvania within the Eastern District of Pennsylvania.

4. On or about June 29, 2016, Plaintiff filed charges with the EEOC against Defendants as set forth herein.

5. On or about August 4, 2017, the EEOC issued Plaintiff a Right to Sue Letter.

6. This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter.

## PARTIES

7. Plaintiff Morgan McGuckin (hereinafter also referred to as Plaintiff and "McGuckin") is an individual female who is a resident of Montgomery County, in the Commonwealth of Pennsylvania.

8. At all times materials, Defendant SA SPRING MEADOWS LIMITED LIABILITY COMPANY (herein "SA LLC") is a foreign limited liability company duly existing under the laws of the State of New Jersey.

9. At all times materials, Defendant SA LLC did and continues to do business as Spring Meadows Lansdale.

10. Defendant 1800 WALNUT ST PARTNERS, LP (herein "Walnut Street Partners") is a domestic limited partnership duly existing under the laws of the Commonwealth of Pennsylvania.

2

11. Defendant 1800 WALNUT ST EQUITIES, LLC (herein "Walnut Street Equities") is a domestic limited liability company duly existing under the laws of the Commonwealth of Pennsylvania.

12. At all times material, Plaintiff was jointly employed by Defendant Walnut Street Partners, Defendant Walnut Street Equities, and Defendant SA LLC (hereinafter collectively referred to as "Defendants" and/or "SPRING MEADOWS").

13. At all times material, Defendants operate an assisted living facility known as SPRING MEADOWS of LANSDALE, with its principal place of business located at 1800 Walnut Street, Lansdale, PA 19446. According to their own website, Defendants "offer(s) individualized personal care that goes beyond the basics to give each resident the care, attention, and services he or she needs to be healthy and happy... In a comfortable, homelike retirement community."

14. At all times material, Defendant WILLIAM KOFRON (hereinafter also referred to as "KOFRON") was an employee at Defendant SPRING MEADOWS.

15. At all times Defendant KOFRON was employed as the Executive Director of Defendant SPRING MEADOWS.

16. At all times Defendant KOFRON held supervisory authority over Plaintiff.

## MATERIAL FACTS

17. In or around the first week in December 2015, Plaintiff began working for Defendant SPRING MEADOWS as an Administrative Assistant.

18. At the time of hire, Plaintiff was approximately six (6) months pregnant. Her pregnancy was visibly obvious to her and known by all of her co-workers.

3

19. In or around early February 2016, Defendant KOFRON was appointed as the Executive Director of Defendant SPRING MEADOWS.

20. Almost immediately upon his appointment, Defendant KOFRON began speaking to Plaintiff in an extremely abusive, discriminatory and sexually harassing manner.

21. In or around mid-February 2016, Defendants Business Sales Coordinator, Janine Dambrosis, resigned from her position with Defendant SPRING MEADOWS.

22. On or around the day Ms. Dambrosis resigned, Defendant KOFRON told Plaintiff that it was too bad Dambrosis left, because "she had a nice ass."

23. In or around the beginning of March 2016, Defendants Human Resources Director and sole individual in charge of Defendants Human Resources "Department", Nicole Horan, resigned from her position with Defendant SPRING MEADOWS.

24. As a result of the above resignations, Defendant KOFRON was the only remaining high-level employee to whom Plaintiff could report acts of discrimination, sexual harassment, or retaliation.

25. In or around March 2016, Defendant KOFRON began regularly telling Plaintiff that she "looked great for a pregnant woman" and making derogatory statements.

26. At all times material, Plaintiff was uncomfortable by Defendant KOFRON and requested that he stop making the unwelcome comments.

27. On or around March 28, 2016, Defendant KOFRON approached Plaintiff while she was working at her desk under the guise of a work-related conversation. Shortly thereafter, Defendant KOFRON changed the subject, revealing that he acted as a photographer in his spare time.

4

28. Defendant KOFRON proceeded to ask Plaintiff if she would be interested in posing for a photography shoot for him, specifically a "pregnant woman, maternity shoot."

29. Without prompting, Defendant KOFRON proceeded to show Plaintiff an array of nude photographs on his cell phone that he had taken in his "role" as a photographer. The photographs were increasingly intimate portraits and pornographic photographs of women.

30. At all times material, Plaintiff adamantly told Defendant KOFRON that she was not at all interested in participating in a photography shoot.

31. Despite being told Plaintiff was not interested, Defendant KOFRON again approached Plaintiff later that day and brought up his photography background. Defendant KOFRAN discussed in detail his experiences with pornographic photo shoots.

32. Plaintiff again told Defendant KOFRON that she was not interested in participating in a photography shoot for Defendant.

33. Plaintiff continued to feel extremely uncomfortable following Defendant KOFRON's offer to photograph her. As a result of regular uncomfortable and unavoidable personal conversations at work initiated by Defendant KOFRON, Plaintiff missed two (2) or three (3) days of work over the course of the proceeding weeks.

34. On or around April 11, 2016, Defendants constructively discharged Plaintiff. Defendants made conditions so unbearable for Plaintiff that no woman in Plaintiff's shoes would have been expected to continue working under such conditions.

35. That as a result of Defendants conduct, the Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

36. Plaintiff suffers from regular panic attacks and nightmares relating to defendants conduct. Plaintiff is having difficulty sleeping or eating.

37. As a result of defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

38. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. plaintiff has further experienced severe emotional and physical distress.

39. As defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against all the defendants, jointly and severally.

40. The above are just some examples, of some of the discrimination and retaliation to which defendants subjected Plaintiff.

41. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or

6

refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

44. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e ' *et seq.*, by discriminating against Plaintiff because of her sex/gender.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendants)

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

47. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

48. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

7

49. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

50. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex/gender.

51. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## AS A FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER STATE LAW

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

53. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

8

54. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A FIFTH CAUSE OF ACTION
## FOR AIDING & ABETTING UNDER STATE LAW

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

57. Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS AN SIXTH CAUSE OF ACTION FOR NEGLIGENT
## HIRING, SUPERVISION, TRAINING AND RETENTION
## (IN THE ALTERNATIVE, AGAINST DEFENDANT SPRING MEADOWS)

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. In the alternative, if Defendant SPRING MEADOWS is not deemed to be Plaintiff's employer, Defendant SPRING MEADOWS owed a duty of reasonable care to Plaintiff to keep her free from harassment, violence and/or risk of harm.

9

60. In the alternative, if Defendant SPRING MEADOWS is not deemed to be Plaintiff's employer, Defendant SPRING MEADOWS also owed a duty of reasonable care to hire, select, supervise and train its employees and/or other third persons that are performing work on behalf of Defendant SPRING MEADOWS.

61. Defendant SPRING MEADOWS breached its duties of care as set forth above.

62. Defendant SPRING MEADOWS's conduct was the proximate cause of Plaintiff's injuries and damages.

63. Plaintiff sustained an actual loss or injury as a result of Defendant SPRING MEADOWS's conduct.

64. The employees of Defendant SPRING MEADOWS who engaged in such conduct described herein were acting within the course of their employment with Defendant SPRING MEADOWS.

65. Defendant SPRING MEADOWS knew or should have known that its employee or employees were acting in a dangerous, harassing and or otherwise improper manner.

66. Notwithstanding Defendant SPRING MEADOWS's knowledge as set forth herein, Defendant SPRING MEADOWS nevertheless hired, retained and/or failed to adequately train or supervise its employees.

67. The injuries and damages sustained by Plaintiff as a result of Defendant SPRING MEADOWS's conduct were reasonably foreseeable.

## AS A SEVENTH CAUSE OF ACTION FOR INVASION OF PRIVACY
## (AGAINST ALL DEFENDANTS)

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

10

69. As set forth more fully above, Defendants unreasonably and intentionally intruded upon the seclusion of Plaintiff's private affairs or concerns by terminating her for reasons relating to Plaintiff's private family life.

70. Defendants' intrusion upon Plaintiff's private life and her resulting termination of her employment was substantial, highly offensive and objectionable.

71. Defendants were well aware that Plaintiff wanted to maintain her job and that her improper termination would cause her severe mental anguish, humiliation and shame.

72. Defendants conduct was willful and outrageous.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  September 19, 2017

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

By:

Christopher R. Booth, Jr.,  Esq.
christopher@dereksmithlaw.com
1845 Walnut Street, Suite 1601
Philadelphia, Pennsylvania 19103
(215) 391-4790

11